# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| TRAVIS KNIGHT, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 1:11-CV-124-LMB |
| CENTRAL MEDICAL SERVICES, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Travis Knight (registration no. 521489) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $82.92, and an average monthly balance of $6.71. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $16.58, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), seeks monetary relief in this action for the violation of his constitutional rights under 42 U.S.C. § 1983. Named as defendants are Correctional Medical Services ("CMS"), Dr. Unknown Hakala (SECC/CMS Medical Director), Dr. Unknown Babtich (SECC/CMS medical doctor), Dr. Unknown Graham (SECC/CMS medical doctor), Dr. Unknown Kapur (SECC/CMS medical doctor), S. Pribble (SECC/CMS Director of Nursing), Stephanie Kasting (Registered Nurse, SECC/CMS Health Service Administrator), and Becky Lezenbe (CMS Chronic Care Nurse).

Plaintiff's allegations against defendants arise out of the medical treatment they rendered, or failed to render, to him following an incident in December 2008, when plaintiff claims that he sustained "shocking pain that ripped through [his] lower back, legs and hips" after dropping a metal locker and falling down on a concrete floor. Plaintiff claims that the SECC Medical Unit is utilized by defendant CMS, "[which] is

contracted with the State of Missouri to provide medical treatment to inmates," and that defendants were each deliberately indifferent to his serious medical needs in delaying and in refusing to provide medical treatment or to have medical tests performed based on his injuries and repeated requests for treatment.

## Discussion

Having carefully reviewed the complaint, the Court concludes that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff brings this action against the individual defendant doctors and nurses in their official capacities. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendants Hakala, Babtich, Graham, Kapur, Pribble, Kasting, and Lezenbe.

The complaint is also legally frivolous as to defendant CMS, because plaintiff does not claim that any of the alleged constitutional violations are the result of a CMS official policy or action. Rather, he alleges that his Eighth Amendment medical claims are due to the actions of the individual defendant doctors and nurses who allegedly refused to treat him or who mistreated him. "A corporation acting under color of state law will beheld liable only for its own unconstitutional policies." See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993). Because plaintiff does not identify any alleged CMS official policies or customs, the complaint is also legally frivolous as to this defendant.

For the above-stated reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $16.58 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 9th Day of August, 2011.

                                          /s/ Jean C. Hamilton
                                        UNITED STATES DISTRICT JUDGE